No. 2165.—LAFITTE, DUFILHO & CO. *v.* PAUL N. RIVERA.

An obligation to pay a certain amount in gold dollars can not be discharged by paying a like sum in United States treasury notes, although such notes be a legal tender. The Supreme Court of the United States having decided that such contracts can only be legally discharged by their payment in gold, the courts of Louisiana will follow their decisions and give judgment in gold. 7 Wal. 229, 529; 8 Wal. 609.

The judgment must, however, be given for gold and not for its supposed equivalent, predicated on the market value of gold, when compared with treasury notes at the date of the contract.

APPEAL from the Fourth District Court, parish of Orleans. *Theard,* J. *A. L. Tissot,* for plaintiffs and appellants. *Lambert & Murphy,* for defendant and appellee.

LUDELING, C. J. On the twelfth of January, 1869, Lafitte, Dufilho & Co., the transferrees and holders, instituted suit against the acceptor on the following bill of exchange :

Lafitte, Dufilho & Co. v. Rivera.

"*Paris*, le 14 Octobre 1867.—Bon pour dollars en pièces d'or, $962 59. Au premier Janvier 1869 payez par cette seule de change, à l'ordre. de nous-mêmes, la somme de neuf cent soixante-deux dollars cinquante-neuf cents, en pièces d'or, valeur reçue en marchandises. que passerez suivant l'avis de Monsieur P. N. Rivera.

Par procuration, MAYAND FRERES,

A. CONSTANTIN."

The plaintiff also obtained an attachment against the property of the defendant.

The attachment was dissolved and judgment was rendered against the defendant for $1266 56, in United States treasury notes, the equivalent of $962 59 in gold at the rate of exchange of the day. The plaintiff has appealed from the judgment dissolving the attachment, and the defendant has appealed from the judgment against him.

The evidence in the record fully sustains the order dissolving the attachment.

We must regard the question presented on the merits, whether an obligation to pay a sum in gold dollars can be satisfied by paying a like sum in treasury notes, as settled by the decisions of the. Supreme Court of the United States in the cases of Bronson *v.* Rodes, 7 Wallace, 229, and Butler *v.* Horwitz, 259; Hepburn & Griswold, 8 Wallace, 609. The judgment should have been for the sum specified, with interest, in gold.

It is therefore ordered that the judgment of the district court be set aside; that there be judgment in favor of plaintiffs against the defendant for nine hundred and sixty-two dollars and fifty-nine cents, with five per cent. per annum interest thereon from the sixth January, 1869, till paid, *in gold*, and the costs incurred in the lower court, except those occasioned by the attachment. It is further ordered that the plaintiffs pay the costs of appeal.